Nos. 14-35420, 14-35421

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

SUSAN LATTA, et al.,
*Plaintiffs-Appellees*,
v.

C.L. "BUTCH" OTTER, et al.,
*Defendants-Appellants*,
and

STATE OF IDAHO,
*Defendant-Intervenor-Appellant*.

On Appeal from the United States District Court for the District of Idaho
No. 1:13-cv-00482-CWD (The Honorable Candy W. Dale)

# PLAINTIFFS-APPELLEES' MOTION TO DISSOLVE THE STAY OF THE DISTRICT COURT'S JUDGMENT AND INJUNCTION


DEBORAH A. FERGUSON
FERGUSON DURHAM, PLLC
202 N. 9TH STREET, SUITE 401 C
BOISE, IDAHO 83702
TELEPHONE: (208) 484-2253

SHANNON P. MINTER
CHRISTOPHER F. STOLL
NATIONAL CENTER FOR LESBIAN RIGHTS
870 MARKET STREET, SUITE 370
SAN FRANCISCO, CA 94102
TELEPHONE: (415) 392-6257

CRAIG HARRISON DURHAM
FERGUSON DURHAM, PLLC
405 S. 8TH STREET, SUITE 372
BOISE, IDAHO 83702
TELEPHONE: (208) 345-5183

*Counsel for Plaintiffs-Appellees*

Plaintiffs-Appellees Susan Latta and Traci Ehlers, Lori Watsen and Sharene Watsen, Shelia Robertson and Andrea Altmayer, and Amber Beierle and Rachel Robertson ("Plaintiffs") respectfully file this emergency motion to dissolve the stay pending appeal of the District Court's judgment and injunction, which this Court previously entered on May 20, 2014.

In granting the stay, this Court relied on the Supreme Court's decision to grant a stay pending appeal in *Herbert v. Kitchen*, 143 S. Ct. 893 (2014), a case challenging Utah's prohibition on marriage for same-sex couples, after the district court and the Tenth Circuit declined to enter such a stay. Subsequently, the Tenth Circuit issued its decision on the merits in *Kitchen,* affirming the district court and holding that Utah's marriage ban violates the Fourteenth Amendment to the United States Constitution. On Monday, the Supreme Court denied a petition for certiorari in *Kitchen*, and the Tenth Circuit dissolved the stay and issued its mandate.

With the Supreme Court's denial of certiorari in *Kitchen,* the sole legal justification for a stay pending appeal in this case disappeared. As Judge Hurwitz noted in his special concurrence in the May 20 order granting the stay, were it not for the Supreme Court's decision to grant a stay in *Kitchen,* "application of the familiar factors in *Nken v. Holder*, 556 U.S. 418, 434 (2009), counsels against the stay requested by the Idaho appellants." May 20, 2014 Order at 3.

Earlier today, the Supreme Court denied defendants' application to stay this Court's mandate. Allowing this Court's stay of the District Court's judgment to remain in force is unwarranted for reasons similar to those that led the Supreme Court to deny a stay of the mandate. Defendants cannot show a strong likelihood that they will succeed on the merits. The judgment of this Court is in accord with that of every court of appeals that has decided, following this Court's decision in *United States v. Windsor*, 133 S. Ct. 2675 (2013), whether a State's prohibition on marriage by same-sex couples and its refusal to recognize such marriages validly performed elsewhere violate the Equal Protection Clause of the Fourteenth Amendment. On Monday of this week, the Supreme Court denied seven petitions for writs of certiorari seeking review of judgments from three courts of appeals that together held that five States' prohibitions on marriages by same-sex couples violate those couples' Fourteenth Amendment rights. There is no reason to believe that any further petition for further review by defendants, whether in this Court or the Supreme Court, will meet any different fate.

Moreover, defendants can show no irreparable harm from dissolving the stay and issuing the mandate. Even if they could, any such harm would be decidedly outweighed by the harm to the defendants from the continuance of the stay. As long as the stay is in place, plaintiffs will continue to be denied the right to enter into or

have recognized the "most fundamental relation in life," *Zablocki v. Redhail*, 434 U.S. 374, 384 (1978) (internal quotation marks omitted); they will continue to lack critical legal protections for their families, such as spousal-visitation and medical-decision-making rights in hospitals, that different-sex couples have long enjoyed; and their children will continue to be deprived of the security of knowing that their parents' relationships are recognized by the State where they live. Continuing the stay would visit all those harms on plaintiffs, notwithstanding that the Supreme Court has now lifted its stay of this Court's mandate. Defendants can point to nothing that would justify continuing the stay now.

This Court's stay of the District Court's judgment and injunction should be dissolved.

## BACKGROUND

On May 20, a motions panel of this Court granted a stay pending appeal of the District Court's judgment and injunction, relying on the Supreme Court's decision to grant such a stay in *Kitchen.* On Tuesday, October 7, this Court issued its decision in this case, unanimously affirming the district court's judgment. This Court ruled that the Idaho laws at issue violate the Equal Protection Clause of the Fourteenth Amendment because they deny lesbians and gay men "who wish to marry

persons of the same sex a right they afford to individuals who wish to marry persons of the opposite sex" and do not survive heightened scrutiny. Slip Op. at 6.

The Court issued the mandate the same day. The next morning, October 8, defendants filed emergency motions in this Court to recall the mandate and for a stay pending disposition of a petition for rehearing and rehearing en banc.

On October 8, defendants also filed an emergency application in the Supreme Court for a stay of the mandate pending (1) disposition of defendants' pending motions in the court of appeals and (2) "if necessary," disposition of defendants' apparently forthcoming "full application" in the Supreme Court for a stay pending disposition of a petition for a writ of certiorari. Application at 1. Justice Kennedy ordered that the mandate be stayed pending further order and directing that a response to the application be filed on or before October 9, 2014, by 5:00 p.m.

Subsequently, on October 8, this Court issued an order directing that the mandate be recalled pending further order of this Court or the Supreme Court.

On October 9, plaintiffs filed their response in the Supreme Court. Plaintiffs explained that a stay was not warranted because (1) there is no reasonable likelihood that the Supreme Court would grant defendants' forthcoming petition for a writ of certiorari, (2) there is no fair prospect that a majority of the Court would reverse this

Court's decision, (3) no irreparable harm would result absent a stay, and (4) the balance of harms weighs strongly against a stay.

Justice Kennedy referred defendants' application to the full Supreme Court. Today, the Supreme Court issued an order denying defendants' emergency application for a stay and vacating Justice Kennedy's previous temporary stay.

## ARGUMENT

"A stay is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 433 (2009). To justify a stay of the mandate, the party seeking the stay must satisfy a four-factor test. In determining whether the moving party has met that exacting burden, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citation and internal quotation marks omitted). *None* of the four factors is present here, and accordingly, the Court should dissolve the stay pending appeal and permit the District Court's judgment and injunction to take effect.

### I. DEFENDANTS CANNOT MAKE A "STRONG SHOWING" THAT THEY ARE LIKELY TO PREVAIL

This Court already has ruled against defendants on the merits. Defendants cannot meet their burden of showing a likelihood that a petition for rehearing or a

petition for a writ of certiorari will be granted and, even if it were, that they will prevail on the merits.

### A. Further Review, Whether By This Court Or The Supreme Court, Is Unlikely

Defendants argued in their emergency application in the Supreme Court that there was a reasonable probability that four Justices of the Supreme Court would grant defendants' forthcoming certiorari petition in this case. The Supreme Court nevertheless denied defendants' emergency application for a stay. As that denial suggests, there is no reasonable likelihood of Supreme Court review.

Just days ago, the Supreme Court denied seven petitions for writs of certiorari presenting the same question that would be presented here: whether States may, consistent with the Constitution, preclude same-sex couples from marrying and refuse to recognize same-sex couples' marriages lawfully entered into in other States.[1] In each petition, the parties were well represented, and the respondents acquiesced in Supreme Court review. Those petitions presented suitable vehicles for the Supreme Court to decide the constitutional questions, but none of those

[1] *Herbert v. Kitchen*, No. 14-124 (U.S. Oct. 6, 2014); *Smith v. Bishop*, No. 14-136 (U.S. Oct. 6, 2014); *Rainey v. Bostic*, No. 14-153 (U.S. Oct. 6, 2014); *Schaefer v. Bostic*, No. 14-225 (U.S. Oct. 6, 2014); *McQuigg v. Bostic*, No. 14-251 (U.S. Oct. 6, 2014); *Bogan v. Baskin*, No. 14-277 (U.S. Oct. 6, 2014); *Walker v. Wolf*, No. 14-278 (U.S. Oct. 6, 2014).

petitions attracted the votes of four Justices. There is no reasonable probability that a petition in this case would fare any differently.

Indeed, since the Supreme Court's decision in *Windsor*, there is no conflict among the courts of appeals on the unconstitutionality of state laws barring marriage by same-sex couples. With striking uniformity, the Fourth, Seventh, and Tenth Circuits have ruled that the Fourteenth Amendment prohibits States from enacting such laws. *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir.), *cert. denied*, Nos. 14-153, 14-225, 14-251 (U.S. Oct. 6, 2014); *Baskin v. Bogan*, --- F.3d ---, Nos. 14-2386, 14-2387, 14-2388, 14-2526, 2014 U.S. App. LEXIS 17294 (7th Cir. Sept. 4, 2014), *cert. denied*, Nos. 14-277, 14-278 (U.S. Oct. 6, 2014); *Kitchen v. Herbert*, 755 F.3d 1193 (10th Cir.), *cert. denied*, Nos. 14-124, 14-136 (U.S. Oct. 6, 2014). This Court's decision continues that unbroken line.

Nor is there any significant likelihood of en banc review. The panel simply applied governing precedent in *SmithKline Beecham Corp. v. Abbott Laboratories*, 740 F.3d 471 (9th Cir. 2014). This Court already denied en banc review of that decision.

### B. Even If Review Were Granted, Defendants Would Not Likely Prevail

Defendants likewise cannot meet their burden of showing a fair prospect that the en banc Court or the Supreme Court would reverse the decision below, even if

review were granted. The panel correctly held that, in excluding same-sex couples from marriage, Idaho law denies them equal protection of the laws by discriminating against them on the basis of their sexual orientation. "[T]he principal purpose and the necessary effect" of Idaho's marriage ban are "to impose inequality" on same-sex couples. *Windsor*, 133 S. Ct. at 2694-95. Because of their inability to marry, these couples "have their lives burdened, by reason of government decree, in visible and public ways * * * from the mundane to the profound." *Id.* at 2694. In addition to economic and other practical harms, the marriage ban inflicts severe stigma and dignitary harms, "demean[ing] the couple, whose moral and sexual choices the Constitution protects," and "humiliat[ing] . . . children now being raised by same-sex couples." *Id.* The panel correctly concluded that this discriminatory treatment could not be justified on any of the grounds offered by applicants; indeed, applicants relied solely on "speculation and conclusory assertions" of "little merit." Slip Op. at 33.

## II. DEFENDANTS CANNOT ESTABLISH THAT THEY WILL LIKELY SUFFER IRREPARABLE INJURY IN THE ABSENCE OF A STAY

Defendants have offered no evidence that they will suffer any harm, much less *irreparable* harm, if the stay is lifted and the mandate is issued. They cannot identify any burden to the State of Idaho or its agencies or political subdivisions that would arise if the State is required to recognize same-sex couples' existing marriages while

this appeal proceeds. Nor can they make the required showing that such harm to the state is not only *probable*, *see Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011), but *irreparable—i.e.*, that any claimed injury to the state is incapable of being remedied at a later date if the stay is dissolved. *See, e.g.*, *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008) (holding that "the lethal taking of the California sea lions is, by definition, irreparable"). Because a showing of irreparable injury to the party seeking a stay is a threshold requirement for every stay application, defendants' inability to show irreparable harm to them means that "a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez*, 640 F.3d at 965.

## III. THE HARM PLAINTIFFS WILL SUFFER IF THE STAY REMAINS IN EFFECT FAR OUTWEIGHS ANY HARM TO DEFENDANTS

In determining whether a stay pending appeal is warranted, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987). Here, while defendants cannot show that the State of Idaho would suffer any harm in the absence of a stay, the challenged laws cause serious, continuing, and irreparable harm to plaintiffs and other same-sex couples—and to their children—each day they remain in effect.

This Court has now held that that the challenged measures violate the fundamental constitutional guarantee of equal protection. This alone is sufficient to demonstrate irreparable harm to plaintiffs if the stay is not dissolved. Any deprivation of constitutional rights, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976); *Nelson v. NASA*, 530 F.3d 865, 872-73 (9th Cir. 2008).

In addition, keeping the stay in effect would injure plaintiffs and their children by exposing them to irreparable and continuing insecurity, vulnerability, and stigma. As this Court recognized in its opinion, "Idaho and Nevada's marriage laws, by preventing same-sex couples from marrying and refusing to recognize same-sex marriages celebrated elsewhere, impose profound legal, financial, social and psychic harms on numerous citizens of those states." Slip Op. at 32.

Indeed, the very purpose of marriage, in large part, is to provide security in the face of anticipated and unanticipated hardships and crises—*e.g.*, in the face of death, aging, illness, accidents, incapacity, and the vicissitudes of life. Same-sex couples who wish to marry are subjected to irreparable harm every day they are forced to live without the security that marriage provides. That harm is not speculative, but immediate and real. These couples are presently harmed in facing the events of their lives in the coming days, weeks, months, or years without being

able to plan or approach the future with the certainty and stability marriage is intended to afford. Moreover, many of the protections marriage provides—such as the right to receive social security benefits as a surviving spouse—hinge directly on the length of the marriage. Therefore, by preventing couples who wish to marry now from doing so, a continued stay would have irreparable consequences for many couples who will be denied benefits or receive significantly diminished protections as a direct result of that delay.

Continuing the stay would also inflict irreparable injury on plaintiffs and other same-sex couples, by exposing them, and their children, to continuing stigma. As the Supreme Court recognized in *Windsor,* discrimination against same-sex couples "demeans the couple, whose moral and sexual choices the Constitution protects" and "humiliates" their children, making it "even more difficult for the children to understand the integrity and closeness of their own family and its concord with other families in their community and in their daily lives." *Windsor*, 133 S. Ct. at 2694. The consequences of such harms can never be undone.

## IV. THE PUBLIC INTEREST STRONGLY WEIGHS AGAINST A STAY

For many of the same reasons, the final factor—the public interest—also weighs strongly in favor of dissolving the stay and issuing the mandate. The enforcement of constitutional rights is always in the public interest because "all

citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). Moreover, the public is harmed when families and children are deprived of the benefits and stability that that marriage provides.

The public has no interest in enforcing unconstitutional laws or in relegating same-sex couples and their families to a permanent second-class status and perpetual state of financial and legal vulnerability.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court dissolve the stay of the District Court's judgment and injunction.

Dated: October 10, 2014

Respectfully submitted,

By: /s/ Christopher F. Stoll

Deborah A. Ferguson
Ferguson Durham, PLLC
202 N. 9th Street, Suite 401 C
Boise, Idaho 83702
Telephone: (208) 484-2253

Craig Harrison Durham
Ferguson Durham, PLLC
405 S. 8th Street, Suite 372
Boise, Idaho 83702
Telephone: (208) 345-5183

Shannon P. Minter
Christopher F. Stoll
National Center for Lesbian Rights
870 Market Street, Suite 370

San Francisco, CA 94102
Telephone: (415) 392-6257

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 10, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Christopher F. Stoll